Affirmed and Memorandum Opinion filed March 8, 2007








Affirmed and Memorandum Opinion filed March 8, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00027-CV

____________

 

IN THE MATTER OF A.A.L.

 



 

On Appeal from the County
Court at Law No. 3

Fort Bend County, Texas

Trial Court Cause No. 9288B

 



 

M E M O R A N D U M   O P I N I O N

Challenging his transfer to the Texas Department of
Criminal Justice, appellant A.A.L. asserts the trial court erred in denying his
request for the appointment of a psychologist. We affirm.

I.  Factual and Procedural
Background








In May 2004, A.A.L. was committed to three years= confinement at
the Texas Youth Commission (ATYC@), with a
possibility of transfer to the Texas Department of Criminal Justice (ATDCJ@), for engaging in
delinquent conduct by committing the offense of aggravated assault.  In August
2005, TYC requested that appellant be transferred to TDCJ to serve out the
remainder of his sentence because he was over the age of sixteen and Ahis conduct within
[TYC] . . . indicated that the welfare of the community require[d] his
transfer.@  The trial court held a hearing on this transfer
request on October 6, 2005. 

At the transfer hearing under section 54.11 of the Texas
Family Code, appellant requested a continuance and appointment of an expert so
that a new psychological evaluation could be done because the evaluation
included with TYC=s transfer request was five months old and
included information that was no longer accurate.  See Tex. Fam. Code ' 54.11 (Vernon
Supp. 2006).  Specifically, A.A.L.=s counsel noted
that A.A.L. had obtained his General Equivalency Diploma (AG.E.D.@) since the last
evaluation, and that he was not a member of a gang, contrary to information
included in the evaluation.  The trial court denied A.A.L.=s request and
proceeded with the hearing based on the reports in the file, including the
five-month-old psychological evaluation.  

During testimony at the hearing, TYC=s representative,
Leonard Cucolo,  acknowledged that A.A.L. had obtained his G.E.D.  Cucolo also
stated that appellant was very disruptive and aggressive towards others,
including staff members.  A.A.L. had over 150 incidents of misconduct and was
referred to security for handling on over twenty occasions.  Because of his
behavioral problems, A.A.L. was never eligible to participate in the capital
offenders treatment program recommended for him by TYC.  A.A.L. testified that
while he Ahangs around with@ gang members, he
is not a member of a gang.  He  acknowledged he had behavioral problems while
at TYC, but stated that over the last month, his behavior had improved.  He
testified he was looking forward to participating in the capital offenders
program at TYC, and that he did not want to be transferred to TDCJ.  At the
conclusion of the hearing, the trial court ordered A.A.L. transferred to TDCJ.

II. Issue and Analysis








In his sole issue, A.A.L. asserts the trial court erred in
denying his request for the appointment of a psychologist.  In Ake v.
Oklahoma, the United States Supreme Court stated that the State must
provide a defendant with the basic tools to present his defense within our
adversarial system.  See 470 U.S. 68, 77, 105 S.Ct. 1087, 1093, 84
L.Ed.2d 53 (1985).  Under certain circumstances, the trial court may be
required to appoint an expert to assist the defense.  See Griffith v. State,
983 S.W.2d 282, 286B87 (Tex. Crim. App. 1998).  For the
purposes of our analysis, we presume, without deciding, that the Ake
analysis applies to a transfer hearing under section 54.11 of the Texas Family
Code.[1] 
See Tex. Fam. Code ' 54.11.    

We review the trial court=s denial of a
request for appointment of a defense expert under an abuse-of-discretion
standard.  The burden is on the defendant to make a sufficient threshold
showing of the need for the expert=s assistance. Griffith,
983 S.W.2d at 286B87. Under Ake, A.A.L. had the
burden to make a threshold showing that he had a particularized need for an
expert to address a significant issue at trial.  See id.; Moore v.
State, 935 S.W.2d 124, 130 (Tex. Crim. App. 1996).  Such a showing
typically consists of affidavits or other evidence in support of a defensive
theory, an explanation as to the nature of the defensive theory and why expert
assistance would be helpful in establishing that theory, or a showing that
there is a reason to question the State=s expert and
proof.   Rey v. State, 897 S.W.2d 333, 341 (Tex. Crim.
App. 1995).  It is insufficient to offer Alittle more than
undeveloped assertions that the requested assistance would be beneficial.@ Moore, 935
S.W.2d at 130 (quoting Caldwell v. Mississippi, 472 U.S. 320, 323 n. 1
(1985)).  

A.A.L.=s request for the appointment of an expert
consists of the following argument before the trial court:








The record that is going to be given to the Court,
my understanding, is a psychological evaluation performed back in May of 2005. 
I would ask the Court to appoint someone to do a new evaluation, as that
evaluation is some five months [old] now; and from reading of her basis of the
report, it includes information that=s no longer accurateCparticularly one of her reasons is that [A.A.L.] didn=t have a GED.  My understanding is
he does have a GED.  There=s something about gang affiliation at TYC.  I talked to my client. 
There=s supposed to be somebody from TYC
who told him that was not the case and they put that in his file.

This evaluation is based on wrong information.  I
don=t see how it can be accurate and
help the Court any.

I think a new evaluation would need to be done,
based on that; and I would ask the Court to continue to appoint somebody, which
is allowed under the Statute, for an expert to be appointed to assist the child
and have a new evaluation done, since there are changes in circumstances since
this last evaluation.

In
addition, in a motion for continuance A.A.L. asked the trial court to continue
the transfer hearing Auntil such time as a new Psychological
Evaluation can be made which more accurately represents [A.A.L]=s situation.@  








Nothing in our record indicates that A.A.L.=s competence or
sanity were issues at either his adjudication hearing or at the transfer
hearing.  The record contains no assertion of any defensive theory to which
this allegedly Astale@ psychological
evaluation relates, nor did A.A.L. provide the trial court with any affidavits
or testimony regarding how an expert=s assistance would
be helpful to his case.  Moreover, the two items A.A.L. complained were
improperly reflected in the psychological evaluation (that he had not obtained
his G.E.D. and that he was a member of a gang) were addressed through testimony
by witnesses at the hearing.  The trial court already had before it a
five-month-old psychological evaluation.  The only reason A.A.L. gave for
appointing an expert to do a new evaluation was to correct two parts of the
existing evaluation that A.A.L. asserted were not accurate.  These alleged
inaccuracies could be and were addressed by testimony at the transfer hearing.
Based on this record, even if Ake applied, we would conclude that the
trial court did not abuse its discretion in impliedly concluding that A.A.L.
failed to show he had a particularized need for an expert to address a significant
issue at the transfer hearing.  Therefore, the trial court did not abuse its
discretion by denying A.A.L.=s request to appoint an expert.
Accordingly, we overrule A.A.L.=s sole issue and affirm the trial court=s order. 

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered and Memorandum
Opinion filed March 8, 2007.

Panel consists of Justices Frost,
Seymore, and Guzman.

 

 

 









[1]  The Beaumont Court of Appeals has held that the Ake
analysis applies to such transfer hearings. See In the Matter of J.E.H.,
972 S.W.2d 928, 929 (Tex. App.CBeaumont 1998,
pet. denied).  However, other courts have stated that hearings under section
54.11 of the Texas Family Code are not part of the guilt-innocence
determination and that during such hearings juveniles do not have any of the
following: (1) a constitutional right to a jury trial, (2) a constitutional
right to confront witnesses, or (3) the due process rights that the juvenile
would have at a trial.  See In re C.D.T., 98 S.W.3d 280, 282B83 (Tex. App.CHouston
[1st Dist.] 2003, pet. denied).